### NEWTON v. GUERIN et al.

(Circuit Court of Appeals, Second Circuit. January 18, 1922.)

No. 99.

1. **Principal and agent** ⊙=148(2)—**Check imports ownership of money by drawer.**

As respects an agent's authority with respect to a certified check; the check on its face represented that the money to be paid therefor was the property of the maker of the check.

2. **Customs duties** ⊙=60½—**Collector held liable for permitting broker to pay duties of another with plaintiffs' check.**

Where plaintiffs had given power of attorney to a customs broker with limited powers, and had delivered to the broker a certified check, signed by them and payable to the collector of customs, as a deposit to secure the release of goods which were undutiable, pending receipt of proper bill of lading, the collector of customs was liable for the return of the check or the money thereby received, on receipt of the proper bill of lading, though he had permitted the brokers to use it to pay duties on goods belonging to importers other than plaintiffs.

3. **Customs duties** ⊙=60½—**Negligence permitting fraud of third party held that of collector, not of plaintiff.**

Where a customs broker with limited powers was permitted to use plaintiffs' certified check for the payment of customs duties owing by importers other than the plaintiffs, because of system in the collector's office whereby the checks were handled by a clerk who did not handle the other papers of the ownership of the goods, the negligence which permitted the fraud of the third person who caused the injury was that of the collector, and not of the plaintiff.

4. **Customs duties** ⊙=60½—**Collector charged with knowledge of power of attorney of brokers long on file with him.**

Where a power of attorney given to customs brokers had been on file with collector of customs for a long period of years, he is charged with knowledge of its contents, and must know that it did not permit the use of the principal's money to pay the duties owed by strangers.

In Error to the District Court of the United States for the Southern District of New York.

Action by Ferdinand Guerin and others, as copartners doing business under the firm name and style of Veuve Guerin & Fils, against

---

⊙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Byron R. Newton, individually and as Collector of Customs in the District of New York, for moneys had and received. Judgment for plaintiffs, and defendant brings error. Affirmed.

William Hayward, U. S. Atty., of New York City (John Holley Clark, Jr., Asst. U. S. Atty., of New York City, of counsel), for plaintiff in error.

Putney, Twombly & Putney, of New York City (Henry B. Twombly and Edward B. Twombly, both of New York City, of counsel), for defendants in error.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The defendants in error are a French firm and maintain a New York office, and are here represented by a manager pursuant to a power of attorney. The New York manager employed custom house brokers, giving them a limited power of attorney, which was kept on file in the customs house. This power of attorney related solely to the making of entries of imported goods on behalf of the defendants in error and of duties incidental thereto. On April 28, 1920, an entry clerk employed by such brokers, who customarily handled the defendants in error's business, made entry with the collector of customs of six bales of raw silk from China upon a consular invoice. The merchandise was undutiable. Free List, Par. 600, Tariff Act 1913 (Comp. St. § 5291). The bill of lading was not properly indorsed, and the entry clerk telephoned to defendants in error's stockman that the customs house would not accept the bill of lading on the ground that it was not properly indorsed, and asked to send down a certified check for $4,900, payable to the collector of the port of New York, to be deposited with the collector pending the production of a properly indorsed bill of lading, so that he might obtain the release of the six bales of silk. Forty-nine hundred dollars was 140 per cent. of the invoice value of the goods. This check was entitled and made payable to the collector of the port of New York, and was dated April 29, 1919, and signed in the firm name of the defendants in error. On April 30, 1919, it was presented at the cashier's window of the customs house, and received and deposited to the collector's account in the Federal Reserve Bank, and the proceeds were covered into the treasury of the United States. At that date there was nothing due or owing by the defendants in error to the collector. It is conceded that the check was applied by the collector of the port, not as directed by the defendants in error, but to the payment of customs duties upon goods belonging to persons other than the defendants in error or the firm of brokers.

On April 30, 1919, a bond was executed by the brokers in the name of the firm of defendants in error, with Martin Steiner and Walter Steiner as sureties thereon, and the same was filed with the collector of the port. The six bales of silk were released on November 6, 1919, and a properly indorsed bill of lading was delivered to the collector to release the security deposited in lieu of the bill of lading. The defendants in error demanded the return of the check or its equivalent in cash. The collector refused to do so, and it has resulted in this action. The

facts are undisputed. The defendants in error wanted the release of their silk from the customs house, and deposited the check in question made to the order of the collector as security for the release of the silk. In order to get the merchandise, they had to give a check for 140 per cent. of the invoice value. This method of obtaining the release of importations had long been authorized and required by the collector. The defendants in error used care in making the check payable to the collector of the port of New York and having it certified. Its delivery was for a specific purpose. The records of the collector's office indicate this. Instead of using the check for the purposes specified, it was deposited to the account and for the benefit of the United States.

[1, 2] The check upon its· face, imported the ownership of the moneys represented in it. Sims v. U. S. Trust Co., 103 N. Y. 472, 9 N. E. 605. On its face, it represented the money as the property of the defendants in error. With this notice, the collector had no right to use it for the purpose of paying duties of third parties. The face of the check was sufficient to put the collector on notice, and particularly when he was dealing with an agent with limited authority as the records of the customs house showing such authority indicated. Edwards v. Dooley, 120 N. Y. 540, 24 N. E. 827.

[3] It is urged on behalf of the plaintiff in error that the rule is applicable that, where one of two innocent parties must suffer, he who made it possible for the fraud to have been committed should sustain the loss. But the invoice, bill of lading, and other documents covering the goods, which were presented at the time the check was presented, bore the names of the third parties, strangers to the defendants in error. It was upon the certified check of the defendants in error that goods were released. This conduct justifies the charge of negligence and fault on the part of the employees of the customs house. There was no authority in the power of attorney granted to the brokers to authorize the collector to apply the money of the defendants in error to the payment of duties of third persons. The record shows that one clerk of the customs house accepted checks in payment of duties, and another received papers bearing the names of the consignors, and they neglected to compare the two. A volume of business does not offer an excuse for this neglect. The check was not currency, and the collector, by receiving the check, is chargeable with knowledge of the name of the drawer thereof, and must be deemed to have such information as is properly inferred from knowledge of that fact. When he collects the money upon the check, he is in precisely the same situation as if he had received the money in the first instance with such knowledge as to the real ownership thereof. Indeed, the form taken by the check of the defendants in error would seem to have been to prevent wrongful acts by agents. It was the negligent act of the clerks of the customs house which permitted a wrongful act by the brokers, and, where one of two innocent persons must suffer by the wrongful act of a third, the one who has created the opportunity for such act must suffer. This applies against the defendants in error rather than the plaintiff in error.

[4] Since the power of attorney granted to the brokers was on file, and had been for a long period of years, the plaintiff in error is charged

with knowledge of its contents. It must be construed by one who deals with the agent in the natural meaning of the words, in view of the purpose of the agency and the needs to its fulfillment. The power of attorney did not permit the use of the money of the defendants in error to pay the duties of strangers. Liability fixed immediately upon the collector, when the check was accepted in payment of another's obligation and deposited by the collector. Wagner Trading Co. v. Nat. Bank, 228 N. Y. 42, 126 N. E. 347, 9 A. L. R. 340.

We find no error below. Judgment affirmed.